UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNDESA, LLC d/b/a THE BLENDERBOTTLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TEJARAH INTERNATIONAL INC. d/b/a/ KITCHSMART,<br><br>Defendants. | 20-cv-2609<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter arises out of Defendant Tejarah International Inc. d/b/a/ Kitchsmart's ("Defendant") alleged violation of Plaintiff Sundesa, LLC d/b/a The BlenderBottle Company's ("Plaintiff") intellectual property rights. The matter comes before the Court on Plaintiff's motion for default judgment. ECF No. 8. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.      BACKGROUND**

Plaintiff is the exclusive licensor of two patents, both commonly used for consuming powdered nutritional supplements. Compl. ¶¶ 8-9, ECF No. 1. The United States Patent and Trademark Office ("USPTO") issued Patent Number 6,379,032 ("'032 Patent") for the "FLOW-THROUGH AGITATOR," a wire ball which helps mix powdered supplements into liquid. *Id.* & Ex. 1. The USPTO also issued Design Patent Number D510,235 ("'D235 Patent") for a shaker-bottle design. *Id.* & Ex. 2.

Defendant allegedly "manufactures, uses, sells, offers for sale, and/or imports . . . shakers . . . that have infringed [on Plaintiff's] patent rights.'" *Id.* ¶ 10. On May 25, 2017, Plaintiff "sent Defendant a cease and desist letter demanding that Defendant cease selling shakers that infringe the '032 Patent and 'D235 Patent." *Id.* ¶ 21 & Ex. 3. Plaintiff claims that despite its letters and follow-up communications, Defendant continues to sell infringing shakers. *Id.* ¶ 24.

Plaintiff filed suit on March 10, 2020, alleging liability for patent infringement (Count 1), trade dress infringement (Count 2), false designation of origin and federal unfair competition (Count 3), and unfair competition under New Jersey law (Count 4). Plaintiff had Defendant served on March 17 and filed proof of the same on April 14. ECF No. 6. After Defendant failed to appear, Plaintiff requested the Clerk's entry of default on June 16, which was entered the next day. ECF No. 7. Presently before the Court is Plaintiff's motion for default judgment. ECF No. 8 ("Motion").

1

## II.    DISCUSSION

Plaintiff moves for default judgment on all counts, and for a permanent injunction. To enter default judgment, the Court must determine whether a sufficient cause of action has been stated, taking as true the Complaint's factual allegations. *Super 8 Worldwide, Inc. v. Riya Hosp. Grp.*, 14-cv-04527, 2015 WL 3755039, at *1 (D.N.J. June 16, 2015).

### A.    Causes of Action

#### 1.    *Patent Infringement (Count 1)*

Plaintiff asserts valid claims for patent infringement. "[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). "A direct infringement claim *not* implicating a theory of joint infringement, i.e. single-actor direct infringement, is required to satisfy only the notice pleading standard comporting to Form 18 of the Appendix of Forms to Fed. R. Civ. P." *CBA Envtl. Servs., Inc. v. Toll Bros. Inc.*, 403 F. Supp. 3d 403, 417 (D.N.J. 2019). Form 18, in turn, requires: "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using the device embodying the patent;' (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Id.* n.7.

Here, Plaintiff satisfies each element. The Complaint sufficiently alleges this Court's jurisdiction. Compl. ¶¶ 1-3. While Plaintiff does not own the patents, it is the exclusive licensee, conferring it with standing. *Id.* ¶¶ 8-9; *see Blue Gentian, LLC v. Telebrands Corp.*, 13-cv-4627, 2014 WL 2094089, at *7 (D.N.J. May 20, 2014) ("Licensees with substantial rights may then sue in their own name"). The Complaint also alleges that Defendant has been selling knock-off shaker bottles; that Plaintiff provided notice; and includes a demand for an injunction and damages. *Id.* ¶¶ 10, 21, 35. Accordingly, Plaintiff has adequately stated patent infringement claims.

#### 2.    *Trade Dress (Count 2)*

In Count Two, Plaintiff alleges liability for trade dress infringement under 15 U.S.C. § 1125(a). "Trade dress refers to the design or packaging of a product which serves to identify the product's source." *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 357 (3d Cir. 2007) (cleaned up). Trade dress liability requires a plaintiff to prove "that (1) the allegedly infringing design is non-functional; (2) the design is inherently distinctive or has acquired secondary meaning; and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product." *Id.* "The likelihood of confusion between two trade dresses is a question of fact." *Id.*

Here, Plaintiff adequately alleges each element as to the bottle design. *See* Compl. ¶¶ 11-12 (showing distinctive design and alleging secondary meaning); 13 (features non-functional), 44 (likely to cause confusion). However, the patent covering the FLOW-THROUGH AGITATOR specifically describes the utility of its design. *Id.* Ex. 1 ("The

2

apparatus of preferred embodiments . . . comprises a wire-frame object with interstitial spaces . . ."). Accordingly, the agitator's design is "functional," and the associated trade-dress claim fails. *See McNeil Nutr.*, 511 F.3d at 357 (requiring non-functional design).

### 3. *False Designation of Origin and Unfair Competition (Counts 3-4)*

In Count Three, Plaintiff alleges liability for federal unfair competition and false designation of origin under 15 U.S.C. § 1125. In Count Four, Plaintiff alleges liability for unfair competition under New Jersey common law and N.J. Stat. § 56:4-1. To be liable for unfair competition under a false designation of origin theory, defendants must have, *inter alia*, used "a false designation of origin, as defined in the [Lanham] Act." *Jews for Jesus v. Brodsky*, 993 F. Supp. 282, 309 (D.N.J. 1998), *aff'd*, 159 F.3d 1351 (3d Cir. 1998).

Plaintiff fails to allege any "false designation of origin." *Id.* Unlike the typical case, Defendant did not copy Plaintiff's mark or misrepresent the source of its own product. Copying the physical design of Plaintiff's product, by itself, does not constitute false designation of origin. *See Camco Mfg. v. Jones Stephens Corp.*, 391 F. Supp. 3d 515, 527 (M.D.N.C. 2019) (finding similar trade dress insufficient). And Plaintiff's brief does not set forth any alternative theory for unfair competition liability under New Jersey law. Thus, Counts Three and Four fail to state a claim.

For the reasons set forth above, Plaintiff has adequately stated a claim for infringement of the '032 and 'D235 patents (Count 1) and trade dress infringement for the bottle design (Count 2). The remaining counts fail to set forth sufficient causes of action.

### B. Remaining Factors for Entry of Default Judgment

"Once a cause of action has been established, the district courts must make explicit factual findings as to three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Super 8 Worldwide, Inc.*, 2015 WL 3755039, at *1.

All three factors point toward default. As Defendant failed to answer, it does not present a meritorious defense. Plaintiff is prejudiced by its inability to seek redress. And given its alleged conduct and complete lack of participation, Defendant is culpable.

### C. Injunctive Relief

Plaintiff seeks a permanent injunction. For the Court to enter a permanent injunction, Plaintiff must show: (1) an irreparable injury; (2) "that remedies available at law, such as monetary damages, are inadequate"; (3) "that, considering the balance of hardships . . . , a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Here, all four elements are satisfied. The Court accepts Plaintiff's allegations as to likelihood of confusion, thus satisfying the "irreparable injury" element. *See Pappan Enterprises v. Hardee's Food Sys.*, 143 F.3d 800, 805 (3d Cir. 1998) ("once the likelihood of confusion . . . has been established, . . . there was also irreparable injury"). Legal

3

remedies are currently inadequate, given Defendant's refusal to participate in this suit (and thus provide discovery on infringing sales). The balance of hardships and public interest also weigh in Plaintiff's favor, as Defendant will simply be enjoined from selling infringing products and trading off Plaintiff's distinctive trade dress. Accordingly, the Court will issue a permanent injunction.

### D.  Attorneys' Fees

Plaintiff requests attorneys' fees as part of the default judgment. In "exceptional" patent cases, the Court "may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "An 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

Here, both the substantive strength of Plaintiff's claims and the way Defendant has litigated make this case "exceptional." Accepting Plaintiff's allegations as true—as the Court must—Defendant blatantly and intentionally infringed on Defendant's patents, even after receiving notice from Plaintiff. Compl. ¶¶ 29-33. Defendant's unreasonable refusal to stop selling infringing products or participate in this suit also make it "exceptional." Accordingly, the Court will award attorneys' fees.

### III.  CONCLUSION

For the reasons set forth below, Plaintiff's motion for default judgment is **GRANTED** with respect to Plaintiff's patent claims (count 1); trade dress claim as to the bottle design (count 2); and requests for a permanent injunction and attorneys' fees. The motion is **DENIED** as to the remaining claims. An Order and Judgment follows.

Date: August 25, 2020

WILLIAM J. MARTINI, U.S.D.J.