## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SUNDESA, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TEJARAH INTERNATIONAL INC. d/b/a KITCHSMART, a New Jersey company,<br><br>Defendant. | : : : : : : : : : : : : : : : : | Civil Action No. 2:20-02609 (WJM/MF)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, LEAVE TO AMEND ITS COMPLAINT** |

**TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ........................................................................ 1

II.   STATEMENT OF FACTS ........................................................... 3

III.  RECONSIDERATION IS APPROPRIATE ............................... 4

  A.  The Court Had To Accept As True The Well-Pled Factual
      Allegations In BlenderBottle's Complaint Regarding Non-
      Functionality Of The Agitator Trade Dress ................................ 5

  B.  The Court's Finding That The Agitator Trade Dress Is
      Functional Solely Based On The '032 Patent Is In Error .............. 7

  C.  The Court's Finding That BlenderBottle's Agitator Trade
      Dress Is Functional Will Result In Manifest Injustice To
      BlenderBottle ............................................................................. 8

IV.   IN THE ALTERNATIVE, THE COURT SHOULD PERMIT
      BLENDERBOTTLE TO AMEND ITS COMPLAINT ........................... 9

  A.  There Is No Bad Faith, Dilatory Motive, Or Unexplained
      Delay On The Part Of BlenderBottle ......................................... 10

  B.  The Proposed Amendments Are Not Futile And Will
      Support That The Agitator Trade Dress Is Not Functional .......... 11

  C.  BlenderBottle Intends To Amend Its Complaint To Identify
      Numerous Alternative Designs To Its Agitator Trade Dress ....... 13

  D.  BlenderBottle Intends To Amend Its Complaint To Include
      Facts To Support That The Disclosure Of The Agitator
      Trade Dress In The '032 Patent Was Merely To Identify A
      Particular Ornamentation ........................................................ 15

  E.  BlenderBottle Intends To Amend Its Complaint To Include
      Facts To Support That The Features Of The Agitator Trade
      Dress Are Not A Result Of The Cheapest Or Easiest
      Method Of Manufacture ........................................................... 18

V.     CONCLUSION.......................................................................... 19

# TABLE OF AUTHORITIES

**Page No(s).**

*Black v. Lane*,
    22 F.3d 1395 (7th Cir. 1994) ............................................................... 8

*Buzz Bee Toys, Inc. v. Swimways Corp.*,
    20 F. Supp. 3d 483 (D.N.J. 2014) ............................................... 6, 11

*Comdyne I Inc. v. Corbin*,
    908 F.2d 1142 (3d Cir. 1990) ............................................................ 5

*DirecTV, Inc. v. Pepe*,
    431 F.3d 162 (3d Cir. 2005) ............................................................. 5

*Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*,
    158 F.3d 1002 (9th Cir. 1998) .......................................................... 7

*In re Energy Future Holdings Corp.*,
    904 F.3d 298 (3d Cir. 2018) ............................................................ 4

*Foman v. Davis*,
    371 U.S. 178 (1962) ...................................................................... 10

*Kaisha v. Lotte Int'l. Am. Corp.*,
    No. 15-5477, 2019 WL 8405592 (D.N.J. Jul. 31, 2019) ............................... 6

*Long v. Wilson*,
    393 F.3d 390 (3d Cir. 2004) ........................................................... 10

*Max's Seafood Cafe, By LouAnn, Inc. v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) ............................................................ 4

*Metrokane, Inc. v. Built NY, Inc.*,
    No. 06-CIV-14447-LAK-MHD, 2008 WL 11397767 (S.D.N.Y.
    Sept. 3, 2008) .............................................................................. 7

*N.V.E., Inc. v. Felice*,
    No. 09-2053 (WJM), 2010 WL 4739500 (D.N.J. Nov. 16, 2010) ............... 5

*Quirindongo Pacheco v. Rolon Morales*,
    953 F.2d 15 (1st Cir. 1992) ............................................................. 8

**TABLE OF AUTHORITIES**
*(Cont'd)*

**Page No(s).**

*Textron, Inc. v. U.S. Intern. Trade Comm'n*,
753 F.2d 1019 (Fed. Cir. 1985) .................................................................. 12

*Traffix Devices, Inc. v. Marketing Displays, Inc.*,
532 U.S. 23 (2001) ..................................................................................... 7, 8

## OTHER AUTHORITIES

Fed. R. Civ. P. 15 ........................................................................................ 9, 10

Local Civil Rule 7.1 ..................................................................................... 4

## I.    INTRODUCTION

Plaintiff Sundesa, LLC d/b/a the BlenderBottle Company ("BlenderBottle") respectfully seeks partial reconsideration of this Court's August 25, 2020 Order denying its request for default judgment on its claim of trade dress infringement for its Agitator Trade Dress.  Specifically, BlenderBottle seeks reconsideration of this Court's finding that BlenderBottle's Agitator Trade Dress is functional.

If a defendant defaults, the court must accept as true the well-pled allegations in the complaint.    Here, Defendant Tejarah International Inc. ("Defendant" or "Tejarah") defaulted.    BlenderBottle's complaint included well-pled allegations that its Agitator Trade Dress shown below is not functional:



However, the Court did not accept these allegations as true and denied BlenderBottle's request for default judgment for infringement of the Agitator

Trade Dress. The Court's determination was in contravention of the standard for default judgment.

Further, such finding will result in manifest injustice to BlenderBottle. The Court did not provide BlenderBottle with any notice that it intended to address the merits of its trade dress infringement claim as to the Agitator Trade Dress or provide BlenderBottle with the opportunity to present any evidence to support its allegation that the Agitator Trade Dress is non-functional. Accordingly, BlenderBottle respectfully requests that the Court reconsider its decision, find that the Agitator Trade Dress is non-functional, and grant judgment in BlenderBottle's favor on its claim that Defendant has infringed the Agitator Trade Dress.

In the alternative, if the Court still believes that the facts in BlenderBottle's complaint do not establish non-functionality of the Agitator Trade Dress, BlenderBottle respectfully requests that the Court grant it leave to amend its complaint to include additional factual allegations to support that its Agitator Trade Dress is non-functional. Because Defendant has not yet filed a responsive pleading, BlenderBottle should be permitted to amend its complaint as a matter of course. Even if BlenderBottle is not permitted to amend its complaint as a matter of course, this Court should freely grant leave to BlenderBottle to amend its complaint. There will be no prejudice to Tejarah as a result of BlenderBottle amending its complaint since it has failed to even make an appearance in this lawsuit. Further, BlenderBottle's amendments will not be futile because

BlenderBottle intends to amend its complaint to include additional facts showing non-functionality of its Agitator Trade Dress.  Specifically, BlenderBottle intends to amend its complaint to set forth evidence of numerous alternative designs for agitators that mix supplements and liquid, and that the method of manufacture for the Agitator Trade Dress is not the cheapest or easiest method.  BlenderBottle also intends to amend its complaint to set forth facts showing that the Agitator Trade Dress is ornamental and non-functional even in the face of U.S. Patent No. 6,379,302 (the "'032 patent").

Accordingly, the Court should reconsider its denial of default judgment that Defendant infringes the Agitator Trade Dress.  In the alternative, this Court should permit BlenderBottle to amend its complaint to include additional factual allegations showing that BlenderBottle is entitled to the relief it seeks.

## II.    STATEMENT OF FACTS

On March 10, 2020, BlenderBottle filed a complaint against Defendant in this Court alleging claims of patent infringement, trade dress infringement, false designation of origin, and unfair competition.  Dkt. No. 1.  Defendant failed to respond to BlenderBottle's complaint by the deadline.  The Clerk of the Court entered default on June 17, 2020.  On July 22, 2020, BlenderBottle filed a motion for default judgment.  Dkt. No. 8.  On August 25, 2020, the Court issued an opinion on BlenderBottle's Motion for Default Judgment.  Dkt. No. 9.  In this opinion, the Court denied BlenderBottle's request for default judgment on its claim

of trade dress infringement for the Agitator Trade Dress, finding that BlenderBottle had not established that the Agitator Trade Dress is non-functional.  Dkt. No. 9 at 2-3.  Specifically, the Court stated "the patent covering the FLOW-THROUGH AGITATOR specifically describes the utility of its design" and quoted the statement from the '032 patent that "the apparatus of preferred embodiments… comprises a wire-frame object with interstitial spaces…"  *Id.*  BlenderBottle now files this motion seeking reconsideration of the Court's finding as to infringement of the Agitator Trade Dress or, in the alternative, BlenderBottle seeks to amend its complaint to include additional facts to establish that the Agitator Trade Dress is protectable and infringed.

## III.    RECONSIDERATION IS APPROPRIATE

A motion for reconsideration may be grounded on one of three bases: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *In re Energy Future Holdings Corp.,* 904 F.3d 298, 311 (3d Cir. 2018); *see also Max's Seafood Cafe, By LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677-679 (3d Cir. 1999).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration and requires the party to "set[] forth concisely the matter . . . which the party believes the [Court] has overlooked."

Here, reconsideration is appropriate because the Court's Order regarding the non-functionality of the Agitator Trade Dress is based on clear error and creates manifest injustice to BlenderBottle. The Court failed to properly apply the standard for default judgment and accept as true the well-pled allegations in BlenderBottle's complaint that BlenderBottle's Agitator Trade Dress is non-functional. Further, the Court's finding creates manifest injustice to BlenderBottle because BlenderBottle was not provided the opportunity to present all of its evidence in support of non-functionality. Nonetheless, BlenderBottle may be prevented from litigating this issue on the merits in the future. Accordingly, the Court should reconsider its finding.

A.      **The Court Had To Accept As True The Well-Pled Factual Allegations In BlenderBottle's Complaint Regarding Non-Functionality Of The Agitator Trade Dress**

The defaulting defendant is deemed to have admitted the factual allegations of the complaint, except those relating to damages. *DirecTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (3d Cir. 2005); *Comdyne I Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *N.V.E., Inc. v. Felice*, No. 09-2053 (WJM), 2010 WL 4739500, at *2 (D.N.J. Nov. 16, 2010) ("[a] defendant's default has the legal effect of admitting the truth of all well-pled allegations contained in the complaint that pertain to liability.") While the party in default does not admit mere conclusions of law, the issue of whether a feature is functional for trade dress purposes is an issue

of fact. *Kaisha v. Lotte Int'l. Am. Corp.*, No. 15-5477, 2019 WL 8405592, at *3 (D.N.J. Jul. 31, 2019) (citing *Sweet St. Desserts, Inc. v. Chudleigh's Ltd.*, 655 Fed. Appx. 103, 109 (3d Cir. 2016)). In order to determine whether a design is functional and thus not entitled to trade dress protection, courts in this circuit consider "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." *Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 497–98 (D.N.J. 2014) (quoting *Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159, 165 (1995)).

Here, Tejarah defaulted, and thus, Tejarah is deemed to have admitted the factual allegations in BlenderBottle's complaint including those related to non-functionality of the Agitator Trade Dress. Specifically, BlenderBottle alleged in its complaint that "[t]he design features embodied by the Agitator Trade Dress is not essential to the function of the product, does not make the product cheaper or easier to manufacture, and does not affect the quality of the product." Dkt. No. 1 at ¶ 17. Further, "[t]he design of each of the Agitator Trade Dress is not a competitive necessity." *Id.* These factual allegations are sufficient to establish that the Agitator Trade Dress is not functional. Accordingly, the Court erred in not accepting as true these factual allegations showing non-functionality of the Agitator Trade Dress.

**B.**    **The Court's Finding That The Agitator Trade Dress Is Functional Solely Based On The '032 Patent Is In Error**

Instead of accepting BlenderBottle's well-pled allegations as true, the Court improperly found that the Agitator Trade Dress was functional solely based on BlenderBottle's '032 patent. However, simply because a configuration appears in a utility patent does not as a matter of law prevent the configuration from being entitled to trade dress protection. *Traffix Devices, Inc. v. Marketing Displays, Inc*., 532 U.S. 23, 30 (2001) ("Where the expired patent claimed the features in question, one who seeks to establish trade dress protection must carry the heavy burden of showing that the feature is not functional, for instance by showing that it is merely an ornamental, incidental, or arbitrary aspect of the device.")*; Disc Golf Ass'n, Inc. v. Champion Discs, Inc.,* 158 F.3d 1002, 1006 (9th Cir. 1998) ("With respect to the factor of utilitarian advantage, the existence of an expired utility patent is weighty evidence of functionality, although **that fact alone is not dispositive**.") (emphasis added); *Metrokane, Inc. v. Built NY, Inc.*, No. 06-CIV-14447-LAK-MHD, 2008 WL 11397767, at *10 (S.D.N.Y. Sept. 3, 2008) ("[T]he Supreme Court has recognized, in the context of a trade-dress claim, that the existence of a prior utility patent for specific features is 'strong evidence' of the functionality of those features, *TrafFix Devices, Inc*., 532 U.S. at 29, it did not hold that such a circumstance is necessarily dispositive of trade-dress validity.") Instead, the utility patent must be examined closely to determine whether the

disclosed configuration just incidentally appears in the disclosure of the patent or is merely ornamental. *Traffix Devices*, 532 U.S. at 30; *Disc Golf Ass'n*, 158 F.3d at 1006. However, BlenderBottle did not have the opportunity to present evidence regarding the disclosures in the '032 patent and that the Agitator Trade Dress is merely an ornamental, incidental, or arbitrary aspect of the device.

Accordingly, the Court erred in finding that the Agitator Trade Dress is functional solely based on the '032 patent, particularly given that BlenderBottle was not afforded an opportunity to show otherwise.

## C.    The Court's Finding That BlenderBottle's Agitator Trade Dress Is Functional Will Result In Manifest Injustice To BlenderBottle

It is improper for a court to consider liability issues on a motion for default judgment without first providing notice to plaintiff that the merits will be addressed. *Black v. Lane*, 22 F.3d 1395, 1398 (7th Cir. 1994) (noting that it was improper for the district court to dismiss any of the plaintiff's claims on a motion for default judgment without providing notice to plaintiff that the merits would be considered); *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992) (per curiam) (holding it was inappropriate for district court to dismiss complaint for lack of evidence after entry of default and stating that the court must make "its requirements known in advance to the plaintiff, so that he could understand the direction of the proceeding and marshall such evidence as might be available [to] him.") The Court did not provide notice to BlenderBottle that it was

planning to address the merits of BlenderBottle's trade dress infringement claim for its Agitator Trade Dress. Thus, BlenderBottle was not afforded the opportunity to present evidence to support its factual allegations in the complaint that the Agitator Trade Dress is not essential to the function of the product, does not make the product cheaper or easier to manufacture, and does not affect the quality of the product

BlenderBottle may now be barred from relitigating the issue of whether its Agitator Trade Dress is non-functional. However, BlenderBottle was not even given the opportunity to present its evidence supporting that the Agitator Trade Dress is non-functional and entitled to trade dress protection. Accordingly, the Court's finding that the Agitator Trade Dress is functional will result in manifest injustice to BlenderBottle.

## IV.    IN THE ALTERNATIVE, THE COURT SHOULD PERMIT BLENDERBOTTLE TO AMEND ITS COMPLAINT

If the Court does not grant BlenderBottle's motion for reconsideration, then BlenderBottle requests leave to amend its complaint to include additional factual allegations showing that its Agitator Trade Dress is not functional. Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.

15(a)(1).    Because Defendant has not yet filed a responsive pleading, BlenderBottle should be permitted to amend its complaint as a matter of course.

Even if BlenderBottle is not permitted to amend its complaint as a matter of course, under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend pleadings should be "freely given").  "[A]bsent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

## A.    There Is No Bad Faith, Dilatory Motive, Or Unexplained Delay On The Part Of BlenderBottle

There is no "repeated failure to cure deficiency by amendments previously allowed" on the part of BlenderBottle.  *Long*, 393 F.3d at 400.  BlenderBottle has not previously amended its complaint or requested to amend its complaint. Further, BlenderBottle has not, without explanation, delayed in making this request to amend its complaint. This request to amend the Complaint to include additional allegations to address the alleged deficiency identified by the Court was filed within two weeks of receiving this Court's opinion denying BlenderBottle's request for default judgment. Nor is BlenderBottle making this request in bad faith.

Further, there is no conceivable prejudice to Tejarah since it has failed to even make an appearance in this case. Accordingly, these factors weigh in favor of permitting BlenderBotttle to amend its complaint.

**B.    The Proposed Amendments Are Not Futile And Will Support That The Agitator Trade Dress Is Not Functional**

BlenderBottle's proposed amendments are not futile. BlenderBottle intends to amend its complaint to set forth a more specific definition of its Agitator Trade Dress. Specifically, BlenderBottle intends to amend its complaint to identify the Agitator Trade Dress as a single length of metal wire formed to symmetrically define the shape of a sphere. BlenderBottle also intends to amend its complaint to include additional facts supporting that the Agitator Trade Dress is not functional. This Court found that the facts included in the original complaint were insufficient to grant default judgment on BlenderBottle's claim of trade dress infringement of its Agitator Trade Dress. BlenderBottle's proposed amendments will provide additional facts to support that the Agitator Trade Dress is non-functional. As explained in detail below, these amendments are not futile.

A product configuration is functional and not entitled to trade dress protection "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." *Buzz Bee Toys*, 20 F. Supp. 3d at 497–98 (quoting *Qualitex Co.,* 514 U.S. at 165). In order to

prove non-functionality, a plaintiff does not need to show that a particular design is *de facto* non-functional, meaning that the design of the product does not have a function. *Textron, Inc. v. U.S. Intern. Trade Comm'n,* 753 F.2d 1019, 1024-1025 (Fed. Cir. 1985). Instead, a party simply needs to prove that a design is not *de jure* functional meaning that the product is not in its particular shape because it works better in that shape. *Id.* BlenderBottle intends to amend its complaint to include facts showing that its Agitator Trade Dress is not essential to the purpose of an agitator, which is to mix powder and liquid, will not put competitors at a significant non-reputation-related disadvantage, and does not affect the cost or quality of the agitator.

Mr. Robert John Anders, an industrial design expert, reviewed BlenderBottle's Agitator Trade Dress and determined that the features of the trade dress are not functional. A declaration from Mr. Anders setting forth his background and relevant experience, his opinion that BlenderBottle's Agitator Trade Dress is not functional, and the bases for his opinion is included with this motion (hereinafter, referred to as the "Anders Decl."). BlenderBottle intends to amend its complaint to include the facts Mr. Anders relies upon in formulating his opinion that the Agitator Trade Dress is not functional.

**C.    BlenderBottle Intends To Amend Its Complaint To Identify Numerous Alternative Designs To Its Agitator Trade Dress**

BlenderBottle intends to amend its complaint to identify the numerous alternative designs to its Agitator Trade Dress which serve the same *de facto* function of mixing powder and liquid but do not embody the Agitator Trade Dress. Anders Decl. ¶¶ 22, 25, 28.  For example, the third-party agitators identified by Mr. Anders in his declaration do not use a single metal wire and some are not in the shape of a sphere.  *Id.*  Further, the interstitial spaces created by each of these agitators are distinguishable from the interstitial spaces of the Agitator Trade Dress. *Id.*

Below is a table of exemplary third-party commercially available agitators used to mix powder and liquid:

| Commercially Available Third-Party Products | | |
| --- | --- | --- |
|  |  |  |
| Agitator for "TOOFEEL Shaker 700ML" product | Agitator for "PUSHLIMITS Designed by Artoid" product | Agitator for "Rubbermaid Shaker Bottle" product |

| Commercially Available Third-Party Products |
|---|



Agitator for "Bottled Joy" product

Agitator for "Contigo Leak-Proof Shaker Bottle" product

Agitator for "Mainstays Shaker Bottle" product

Agitator for "Utopia Shaker Bottle" product

Agitator for "BluePeak Shaker Bottle" product

Agitator for "BluePeak Shaker Bottle" product

Anders Decl. ¶ 28.  The agitator for the Toofeel Shaker product consists of a plastic ring with bars extending through the diameter of the ring and protrusions from the bars.  *Id*. at ¶¶ 28, 30.  The agitators for Rubbermaid Shaker Bottle and BluePeak Shaker Bottle consist of a small cylindrical shape from which curved plastic protrusions extend to create interstitial spaces.  *Id*.  The agitator for the

Bottled Joy product is a plastic ring which encapsulates a small cylindrical shape from which plastic curved protrusions extend to create interstitial spaces.  *Id.*  The agitator for the Pushlimits product is a plastic sphere with curved perforations to create interstitial spaces.  *Id.*  The agitators for the Utopia, Contigo, and Mainstays products consist of round shapes with segments cut out from these shapes to create interstitial spaces.  *Id.*  These third-party products show that there are many different design decisions that go into creating an agitator that is used to mix powder and liquid and that BlenderBottle's Agitator Trade Dress is the result of decisions regarding ornamentation.  Further, BlenderBottle's exclusive right to use the Agitator Trade Dress will not put competitors at a significant non-reputation-related disadvantage because there are numerous alternative designs.

**D.    BlenderBottle Intends To Amend Its Complaint To Include Facts To Support That The Disclosure Of The Agitator Trade Dress In The '032 Patent Was Merely To Identify A Particular Ornamentation**

BlenderBottle intends to amend its complaint to include facts supporting that any disclosure of the Agitator Trade Dress in the '032 patent is merely to identify it as a possible ornamentation for an agitator used to mix powder and liquid.  In fact, the '032 patent states "nearly any shape that can be formed of wire-frame elements, narrow rod-like elements or substantially perforated surfaces will prove adequate."   Dkt. No. 1, Ex. 1 at 7; Anders Decl. ¶ 24.  It also discloses numerous options for the material of the agitator frame such as metal, wire, or molded plastic

-15-

and for the agitator shape such as cubes, spheres, ellipsoids, pyramids, polyhedrons, and cylinders. Dkt. No. 1, Ex. 1 at 6; Anders Decl. ¶ 24. Further, the drawings from the '032 patent shown below depict several alternative designs such as agitators which are not formed by a single metal wire, agitators in a cylindrical form, and agitators which include an object inside a sphere. Dkt. No.1, Ex. 1 at 2-4; Anders Decl. ¶ 25.



**Drawings from '032 Patent**

These disclosures and drawings support that there are numerous alternative designs to achieve the same function of mixing powder and liquids.

The Court cites the statement in the '032 patent that "[t]he apparatus of preferred embodiments . . . comprises a wire frame object with interstitial spaces . . ." in support of its finding. Dkt. No. 9 at 2-3. However, there are numerous options for wire frame agitators with interstitial spaces. For example, the agitator can be made of many different metal wires and does not have to include a single metal wire like the Agitator Trade Dress. Further, the wire frame agitator can be in the shape of a cube, ellipsoid, pyramid, polyhedron, or cylinder. It does not have to be a sphere. The wire frame agitator also could have an interior object which is not included in the Agitator Trade Dress. Thus, the statement that preferred embodiment comprises a wire frame object with interstitial spaces does not preclude trade dress protection for the ornamentation of using a single wire to form a symmetrically shaped sphere.

Further, the Agitator Trade Dress is not praised or touted in the '032 patent. *See* Anders Decl. ¶ 25. In fact, the '032 patent states "[a]gitation is improved in some embodiments of the present invention by the use of one or more additional interior objects placed inside a wire frame object." Dkt. No.1, Ex. 1 at 6; Anders Decl. ¶ 25. The Agitator Trade Dress does not include an interior object.

As demonstrated by the wide range of materials, shapes, and types of interstitial spaces used for agitators to mix powder and liquid, the attributes of

-17-

BlenderBottle's Agitator Trade Dress are not dictated by function. Instead, the Agitator Trade Dress is used to differentiate BlenderBottle's products in the marketplace. Further, given the numerous options available to competitors, they will not be at a competitive disadvantage if they are unable to use the Agitator Trade Dress.

**E.    BlenderBottle Intends To Amend Its Complaint To Include Facts To Support That The Features Of The Agitator Trade Dress Are Not A Result Of The Cheapest Or Easiest Method Of Manufacture**

BlenderBottle intends to amend its complaint to include facts supporting that its Agitator Trade Dress is not the result of the cheapest or easiest method of manufacture. Specifically, the Agitator Trade Dress is manufactured ████████ ███████████████████████████████████████████████████████████ ████████████ Declaration of Jim Colby ("Colby Decl.") ¶ 5. ██████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████ *Id*. The agitator ██ ███████████████████████████████████████████████████████████ *Id.*

Many other agitators are made using plastic which is cheaper than the food grade steel used for the Agitator Trade Dress. Colby Decl. ¶ 7. The plastic agitators are also cheaper to manufacture. *Id*. Further, it is time consuming to obtain the symmetrically spherical shape of BlenderBottle's Agitator Trade Dress,

and thus, more costly than a different shaped agitator.  *Id.*  Other agitators are made using solid balls of steel or other material, and this option is much easier and cheaper to manufacture than agitators embodying Agitator Trade Dress.  *Id*.

Accordingly, the manufacturing process and material used for the Agitator Trade Dress is not comparatively simple or less expensive than other materials and methods of manufacture for agitators used to mix powder and liquid.  The Agitator Trade Dress does not result in a product that is cheaper to produce than others on the market.  These facts support that the Agitator Trade Dress is non-functional for purposes of trade dress protection.

## V.    CONCLUSION

For the foregoing reasons, BlenderBottle requests that this Court reconsider its decision denying BlenderBottle's request for default judgment of infringement for its Agitator Trade Dress.  In the alternative, BlenderBottle seeks to amend its complaint to include additional facts supporting that its Agitator Trade Dress is not functional.

Dated:        September 8, 2020

Ali S. Razai
KNOBBE, MARTENS, OLSON
& BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Tel: (949) 760-0404
Fax: (949) 760-9502
ali.razai @knobbe.com

Respectfully submitted,

*/s/ John E. Flaherty*
John E. Flaherty
Cynthia S. Betz
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
Tel: (973) 622-4444
Fax: (973) 624-7070

*Counsel for Plaintiff*