UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SUNDESA, LLC d/b/a THE
BLENDERBOTTLE COMPANY,

Plaintiff,

v.

TEJARAH INTERNATIONAL INC.
d/b/a/ KITCHSMART,

Defendants.

20-cv-2609

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter arises out of Defendant Tejarah International Inc. d/b/a/ Kitchsmart's ("Defendant") alleged violation of Plaintiff Sundesa, LLC d/b/a The BlenderBottle Company's ("Plaintiff") intellectual property rights. The matter comes before the Court on Plaintiff's motion for reconsideration of the Court's prior finding that the design of Plaintiff's FLOW-THROUGH AGITATOR was functional and therefore unable to form the basis of a trade dress infringement claim. ECF No. 11. For the reasons set forth below, the motion is **GRANTED**.

## I.  BACKGROUND

The facts and procedural history of this case were set forth the Court's August 25, 2020 opinion granting in part Plaintiff's motion for default judgment (the "DJ Opinion"), ECF No. 9, familiarity with which is assumed.

In the DJ Opinion, the Court held, among other things, that Plaintiff was not entitled to default judgment on Count 2 of its Complaint for trade dress infringement with respect to its FLOW-THROUGH AGITATOR (the "Agitator") design. Specifically, the Court concluded that the Agitator design was "functional," and therefore unable to support a trade dress infringement claim, because the patent for the Agitator "specifically describe[d] the utility of its design." DJ Op. at 2-3.

On September 8, 2020, Plaintiff filed a motion for partial reconsideration of the DJ Opinion, arguing that the Court erred in concluding that the Agitator Trade Dress was functional and that Plaintiff therefore could not maintain a trade dress infringement claim under 15 U.S.C. § 1125(a) with respect thereto.

## II.  LEGAL STANDARD

Reconsideration of a prior decision is appropriate upon a showing that either "(1) an intervening change in controlling law has occurred; (2) evidence not previously

available has become available; or (3) [reconsideration] is necessary to correct a clear error of law or prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The Court will grant a motion for reconsideration where "its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Church & Dwight Co. v. Abbotts Labs.*, 545 F. Supp. 2d 447, 449-50 (D.N.J. 2008).

## III.     DISCUSSION

In deciding Plaintiff's motion, the Court must first determine if its previous conclusion that the Agitator Trade Dress is functional was in error or warrants reconsideration. If so, the Court must then determine whether Plaintiff has sufficiently alleged the remaining elements of a viable claim for trade dress infringement such that default judgment is appropriate.

### A.     Functionality

Plaintiff argues that the Court overlooked three key legal and factual issues in denying its request for default judgment with respect to its Agitator Trade Dress claim: (1) that the Court failed to accept as true the factual allegations in the Complaint that the Agitator Trade Dress is non-functional; (2) the Court erred in concluding, as a matter of law, an expired utility patent necessarily rendered a design "functional" and therefore unable to be the subject of a trade dress infringement claim; and (3) the Court erred in dismissing Plaintiff's claim without affording Plaintiff an opportunity to present evidence in support thereof. The Court agrees and will grant Plaintiff's motion for reconsideration.

In entering a default judgment, "the factual allegations of the complaint, except those relating to damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (quotations omitted). To that end, whether a design or feature is functional is a question of fact, and allegations relating to the Agitator's functionality must therefore be taken as true. *See Shire U.S. Inc. v. Barr Labs. Inc.*, 329 F.3d 348, 355 (3d Cir. 2003). A design or feature is functional if it is "useful"; that is, if the design or feature works better in the shape it is in by, for example, being cheaper to produce or easier to use. *Kaisha v. Lotte Int'l Am. Corp.*, 977 F.3d 261, 267 (3d Cir. 2020).

Here, the Complaint sufficiently alleges that the Agitator Trade Dress is not functional. Specifically, the Complaint alleges that the design of the Agitator "is not essential to the function of the product, does not make the product cheaper or easier to manufacture, and does not affect the quality of the product." Complaint ¶ 17. The Complaint further alleges that the design of the Agitator is not a competitive necessity, *id.*, but rather a shape that "symbolizes [Plaintiff] and is a registered trademark used by BlenderBottle as its corporate logo." *Id.* ¶ 18. Accepting these allegations as true, which the Court must, it is clear these allegations are sufficient to establish that the Agitator Trade Dress is non-functional.

The existence of an expired utility patent does not support the opposite result. "[A] utility patent is strong evidence that the features therein claimed are functional." *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001). However, the Third Circuit has recently emphasized that the existence of a utility patent is not dispositive and may not suggest functionality where, as here, the design or feature is not the "central advance" of the utility patent. *Kaisha*, 977 F.3d at 269.

Here, it is clear that the shape and aesthetic design of the Agitator are not the "central advance" of the utility patent. The abstract of the '032 Patent for the FLOW-THROUGH AGITATOR states:

> The apparatus of preferred embodiments of the present invention comprises a wire-frame object with interstitial spaces which allow flow of liquids and powders into and out of the interior of the wire-frame object. Some embodiments further comprise and [sic] interior agitator placed within the wire-frame object which may be a solid shape or another wire-frame object.

Compl., Ex. 1. Further, in the section titled "Summary and Objects of the Invention" the '032 Patent states that "the shape must be formed by a wire frame that allows flow of material through and around the object" but that "*the shape of the agitator object may also vary widely, including, but not limited to, cubes spheres, ellipsoids, pyramids, polyhedrons, cylinders and others*." *Id.* ¶ 20 (emphasis added). It is thus clear that the wire frame object through which liquid and powder pass through is the "central advance" of the patent and that the *shape* of that wire-frame object is itself irrelevant to the invention's function.

Accordingly, the Court concludes that it erred in finding that the existence of the utility patent precluded default judgment on the Agitator Trade Dress claim in Count 2 of the Complaint, and that reconsideration of this finding is warranted.

### B.     Remaining Elements of Trade Dress Infringement

Because the Court has determined that the Agitator Trade Dress is non-functional, it must evaluate the remaining elements of trade dress infringement claim to determine whether Plaintiff has adequately stated a claim therefor with respect to its FLOW-THROUGH AGITATOR. In addition to non-functionality, to state a claim for trade dress infringement, Plaintiff must show that (1) the design is inherently distinctive or has acquired secondary meaning; and (2) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product. *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 357 (3d Cir. 2007).

Here, Plaintiff has sufficiently pleaded each of these elements. Plaintiff has alleged that the Agitator design is distinctive in that it symbolizes the company and is a registered trademark used by Plaintiff as its corporate logo, Compl. ¶¶ 15-16, 18, and that its design has acquired a secondary meaning by which the public associates the design with Plaintiff, Compl. ¶ 16. Plaintiff has further alleged that Defendant's use of the Agitator design is likely to cause confusion among consumers. *Id.* ¶ 44. Accordingly, Plaintiff has stated a valid claim for trade dress infringement with respect to the Agitator Trade Dress.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is **GRANTED**. Plaintiff has sufficiently pleaded a viable claim for trade dress infringement with respect to its FLOW-THROUGH AGITATOR. Solely to the extent it denied Plaintiff's motion for default judgment with respect to its claim for trade dress infringement relating to the Agitator design in Count 2 of the Complaint, the DJ Opinion and accompanying Order are hereby vacated. An appropriate order entering default judgment with respect to the Agitator Trade Dress claim follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 17, 2020**