UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUNDESA, LLC d/b/a THE BLENDERBOTTLE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**TEJARAH INTERNATIONAL INC. d/b/a/ KITCHSMART,**<br><br>Defendants. | 20-cv-2609<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter arises out of Defendant Tejarah International Inc. d/b/a/ Kitchsmart's ("Defendant") alleged violation of Plaintiff Sundesa, LLC d/b/a The BlenderBottle Company's ("Plaintiff") intellectual property rights. The matter comes before the Court on Plaintiff's motion for attorneys' fees and costs. ECF No. 15. For the reasons set forth below, the motion is **GRANTED**.

## I.   BACKGROUND

The facts and procedural history of this case were set forth the Court's August 25, 2020 opinion granting in part Plaintiff's motion for default judgment (the "DJ Opinion"), ECF No. 9, familiarity with which is assumed.

In the DJ Opinion, the Court found that this case was "exceptional" within the meaning of 35 U.S.C. § 285, and that Plaintiff was therefore entitled to attorneys' fees, because Defendant "blatantly and intentionally infringed on [Plaintiff's] patents, even after receiving notice from Plaintiff." DJ Op. at 4. The Court ordered Plaintiff to submit evidence and a separate brief in support of its request for attorneys' fees and costs. ECF No. 10. Now before the Court is Plaintiff's motion for attorneys' fees and costs.

## II.   DISCUSSION

Plaintiff seeks $29,903.00 in attorneys' fees and $562.80 in costs. Because the Court has already found that an award of attorneys' fees and costs is warranted in this case, the only task left for the Court is to determine the reasonableness of the amount requested by Plaintiff.

### A.   Attorneys' Fees

In determining whether Plaintiff's request for attorneys' fees is reasonable, the Court must calculate a 'lodestar' amount equal to the number of hours reasonably expended

multiplied by a reasonable hourly rate. *Blakey v. Cont'l Airlines, Inc.*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998). In making this calculation, the Court must "carefully and critically evaluate the hours and the hourly rate set forth by counsel." *J &J Snack Foods, Corp. v. Earthgrains Co.*, No. 00-6230, 2003 WL 21051711, at *6 (D.N.J. May 9, 2003). The party seeking attorneys' fees, here Plaintiff, has the burden of producing sufficient evidence that "its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). "Even if the fee motion is unopposed, the party seeking fees still must meet its burden of proving reasonableness." *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368 (JBS/KMW), 2012 WL 2369367, at *3 (D.N.J. June 20, 2012).

### 1.  Reasonable Hourly Rate

In calculating the lodestar, the Court "must first determine the appropriate hourly rate for each person rendering services." *Source Search Techs., LLC v. Kayak Software Corp.*, 2016 WL 1259961, at *9 (D.N.J. Mar. 31, 2016). For Plaintiff to meet its burden that the hourly rates charged by its counsel are reasonable, it "must produce evidence – in addition to [counsel's] own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Spectrum Produce*, 2012 WL 2369367, at *4 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

Here, Plaintiff was represented by two firms: Knobbe, Martens, Olson & Bear, LLP ("Knobbe Martens") and McCarter & English, LLP ("McCarter"). In support of its request for attorneys' fees for both firms, Plaintiff submitted the Declaration of Nicole R. Townes, a partner with Knobbe Martens (the "Townes Declaration"). ECF No. 15-2. The Townes Declaration includes an itemization of the requested amount of attorneys' fees identifying the time spent and fees incurred in litigating this case broken down by (1) the general activity on which time was spent; (2) the firm performing the work associated with such activity; and (3) whether the time spent on each activity was spent by an attorney or a paralegal at each firm. Townes Decl. ¶ 4. In addition, attached to the Townes Declaration are monthly invoices prepared by both firms with detailed time entries and billing rates of the individuals who have worked on this matter. *See id.* Exs. A-M. Finally, Plaintiff has submitted excerpts from the 2019 Economic Survey of the American Intellectual Property Law Association (the "AIPLA Report") identifying the average hourly rates broken down by, among other things legal market, years of experience, and size of the law firm. *See id.*, Ex. N.

The Court finds that Plaintiff has sufficiently demonstrated that counsels' hourly rates are reasonable. The AIPLA Report, which Courts in this district have relied on in past cases in identifying reasonable hourly rates in intellectual property cases, provides for hourly billing rates for at nationwide firms with more than 150 attorneys – such as Knobbe Martens and McCarter – between $524 and $972 for partners and $467 to $768 for associates. *See Kaisha v. Lotte Int'l Am. Corp.*, 2019 WL 5079571, at *3 (D.N.J. Oct. 10, 2019) (Mag.) (relying on 2017 version of AIPLA Report); *Source Search Techs.*, 2016 WL

7374533, at *9 (relying on 2013 AILPA Report). Both Knobbe Martens and McCarter are large, experienced firms, and each of the hourly rates identified in the various invoices for the attorneys that have worked on this case, which range from $375 to $480 for associates and from $575 to $730 for partners, are well within the range of hourly rates identified in the AIPLA Report. Accordingly, the Court concludes that each of the hourly rates charged by counsel are reasonable.

### 2. Hours Reasonably Expended

The second step in calculating the lodestar requires the Court to determine the hours reasonably expended by counsel in litigating this case. *AT & T Corp. v. JMC Telecom, LLC*, 2005 WL 2086194 at *4 (D.N.J. Aug. 26, 2005). In so doing, "[t]he Court must 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary.'" *Kaisha*, 2019 WL 5079571, at *2 (quoting *Pub. Interest Research Grp. Of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)).

Here, Plaintiff seeks fees for 61 total hours expended by Knobbe Martens and McCarter. The Court has carefully reviewed both the breakdown of hours expended on specific litigation tasks such as drafting the complaint and motion for default judgment provided in the Townes Declaration as well as the invoices of both firms attached as exhibits thereto, and finds the hours expended by counsel in this case to be reasonable. Combined, counsel spent approximately 15 hours on drafting the complaint; 4 hours on service issues; 30 hours on requesting and moving for a default judgment; and 12 hours on the instant motion. The Court finds that these totals are reasonable in light of the work performed. Further, the time entries in the relevant invoices are detailed and the Court is satisfied that none of the hours for which fees are sought are the result of excessive, unnecessary, or duplicative work.

Accordingly, the Court concludes that Plaintiff has satisfied its burden in demonstrating that its request for attorneys' fees of $29,903 is reasonable.

### B. Costs

Finally, Plaintiffs request reimbursement for $562.80 in costs incurred for filing the complaint and for service of process. The Court finds that these costs are reasonable, directly related to the litigation, and sufficiently documented in the McCarter invoices.

3

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorneys' fees and costs is **GRANTED**. An appropriate order follows.

                                                               */s/ William J. Martini*
                                                              **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 17, 2020**